UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America ) | Cr. No.: 3:05-303 |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Thomas J. Gena, a/k/a Thomas Gena, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Defendant, proceeding *pro se*, seeks relief in this court pursuant to 28 U.S.C. § 2255. Defendant raises four grounds for relief. The Government filed a motion for summary judgment. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Defendant of the summary judgment procedure and the consequences if he failed to respond. Defendant has filed his response and the matter is ready for resolution.

**BACKGROUND**

In 2003, Defendant was charged in a forty-four (44) count Indictment, alleging various violations of the United States Code relating to Defendant's preparation (through a business) of individual taxpayers' federal income tax returns. Defendant pleaded not guilty and proceeded to trial. At the time of trial, Defendant faced twenty (20) counts of violating 26 U.S.C. § 7206(2), that is, knowingly and willfully aiding and assisting in the preparation of tax returns which contained materially false statements.[1] After a week long trial, the jury convicted Defendant on all twenty counts.

Defendant filed motions for a new trial and for judgment of acquittal. On February 1, 2006,

---

[1] There were twenty-four (24) additional counts which were dismissed on motions of the parties prior to their presentation to the jury.

1

these motions were denied and Defendant was sentenced to a term of twenty-seven (27) months' imprisonment, to be followed by one (1) year of supervised release. Defendant appealed his conviction and sentence, which were affirmed by unpublished opinion on December 17, 2007. *United States v. Gena*, 258 Fed. Appx. 592 (4th Cir. 2007). The Fourth Circuit subsequently denied Defendant's Petition for Rehearing and the Mandate issued on February 12, 2008. Defendant filed this motion for relief on March 16, 2009.[2]

Defendant raises four grounds for relief in his § 2255 motion. Grounds One and Two allege a Sixth Amendment violation due to the alleged ineffectiveness of trial (Ground One) and appellate (Two) counsel. Ground Three alleges a Fifth Amendment Due Process violation due to alleged failings and misconduct of the prosecutor. Finally, Ground Four maintains that Defendant suffered a miscarriage of justice, as he "did not knowingly file any false or fraudulent tax return." Mot. at 8 (Dkt. # 118, filed Mar. 16, 2009).

### GROUNDS ONE AND TWO – INEFFECTIVE ASSISTANCE OF COUNSEL

The standard governing ineffective assistance of counsel claims is found in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to succeed on such a claim, Defendant must first show that his counsel's performance was "deficient," *Strickland*, 466 U.S. at 687-88, and that such deficiency resulted in actual prejudice to Defendant. *Id*. As to the first prong of the *Strickland* test, a defense attorney's conduct is deficient if it fails to meet a standard of "reasonably effective assistance." *Id*. at 687. The question whether counsel's performance was deficient may only be answered by viewing counsel's actions or decisions in the light of all surrounding circumstances at

---

[2]Defendant's period of supervised release expired shortly after he filed this § 2255 motion. Therefore, even though Defendant is currently not "in custody" for § 2255 purposes, he was at the time he filed this motion.

2

the time the decision was made, not in the artificial light of hindsight. *See Lockhart v. Fretwell*, 506 U.S. 364, 371-72 (1993). A reviewing court should not second-guess defense counsel's tactical decisions. *See McDougall v. Dixon*, 921 F.2d 518, 537-39 (4th Cir. 1990). In addition to showing ineffective representation, Defendant must also show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In certain cases, it is not necessary to determine whether counsel's performance was deficient if the claim is readily dismissable for a lack of prejudice. *Id*. at 697. In attempting to establish ineffective assistance of counsel, Defendant must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," as this court applies a "heavy measure of deference to counsel's judgments." *Id*. at 689-91.

In applying *Strickland* to claims of ineffective assistance of appellate counsel (Ground Two), this court accords appellate counsel the "presumption that he decided which issues were most likely to afford relief on appeal." *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993). Appellate counsel is not obligated to assert all nonfrivolous issues on appeal; there is hardly any question about the importance of examining the record and having appellate counsel select the most promising issues for review. *Jones v. Barnes*, 463 U.S. 745, 752 (1983); *see also Smith v. South Carolina*, 882 F.2d 895, 899 (4th Cir. 1989). "'Winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from evidence of incompetence, is the hallmark of effective appellate advocacy." Smith v. Murray, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. at 751); *see also Smith v. South Carolina*, 882 F.2d at 899 (counsel's failure to raise a weak

3

constitutional claim may constitute an acceptable strategic decision designed "to avoid diverting the appellate court's attention from what [counsel] felt were stronger claims"). Although it is possible to bring a successful ineffective assistance of appellate counsel claim based on failure to raise a particular issue on direct appeal, the Supreme Court has reiterated that it is "difficult to demonstrate that counsel was incompetent." *Smith v. Robbins*, 528 U.S. 259, 288 (2000). "'Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.'" *Id*. at 288 (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986)).

Defendant's affidavit, submitted in response to the Government's motion for summary judgment, contains averments relating to alleged shortcomings of his trial and appellate counsel. These averments reflect Defendant's disagreements with counsel as to strategy, yet fail to make a specific showing of prejudice or a reasonable probability of a different outcome, in either the trial or appellate court. Therefore, the Government's motion for summary judgment as to Grounds One and Two is **granted**.

### GROUND THREE

Ground Three contends that Defendant suffered a Due Process violation based upon the prosecutor's alleged "vindictiveness and [t]rial [m]isconduct." Mot. at 7. Defendant contends the prosecutor "misstated the law on a number of occasions." *Id*.

Defendant's arguments are unavailing. A criminal defendant faces a substantial burden in bringing a vindictive prosecution claim. A "presumption of regularity" attends decisions to prosecute. *United States v. Armstrong*, 517 U.S. 456, 464 (1996). To establish prosecutorial vindictiveness, Defendant must show through objective evidence that "(1) the prosecutor acted with genuine animus toward the defendant and (2) the defendant would not have been prosecuted but for

4

that animus." *United States v. Wilson*, 262 F.3d 305, 314 (4th Cir. 2001). Defendant establishes neither of these requirements. Therefore, his claim of "vindictiveness" fails.

To prevail on a claim of prosecutorial misconduct, Defendant must show (1) that the prosecutor's remarks and conduct were, in fact, improper and (2) that such remarks or conduct prejudiced Defendant to such an extent as to deprive the defendant of a fair trial. *United States v. Golding*, 168 F.3d 700, 702 (4th Cir. 1999). In his responsive affidavit to the Government's motion for summary judgment, Defendant avers that he was charged with violations of the tax code which the Government has not proven, that the prosecutor made assertions before the jury which are refuted by various code sections and Internal Revenue Service (IRS) regulations and publications, and that the prosecutor misled the courts (both this court and the Fourth Circuit Court of Appeals) relating to the definition of "authorized placement agency." *See* Aff. of Thomas J. Gena at 4, 5 (Dkt. # 132, filed June 29, 2009).

For these reasons and for the reasons stated by the Government in its memorandum, with which this court agrees, the Government's motion for summary judgment is **granted** as to this ground for relief.

### GROUND FOUR

Ground Four asserts that Defendant suffered a miscarriage of justice because he "did not knowingly file any false or fraudulent tax return" and that he was "convicted for an act which is not a crime." Mot. at 8. The Government contends that this ground for relief is procedurally barred as it was not raised on appeal, and that Defendant cannot show "cause" and "prejudice" to overcome this default.

To the extent this ground can be construed as a reassertion of Defendant's appellate claim

5

of insufficient evidence to support his conviction, Defendant raised this matter on direct appeal, and it was decided against him; therefore, he cannot relitigate it in a § 2255 petition. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976) (§2255 movant may not "recast, under the guise of collateral attack, questions fully considered by this court"). This court's consideration of this claim is accordingly foreclosed.

However, to the extent Ground Four is construed as a different allegation than that contained in his direct appeal, constitutional issues that are capable of being raised on direct appeal but were not may nevertheless be raised in a § 2255 motion so long as the Defendant demonstrates 1) "cause" that excuses his procedural default, and 2) "actual prejudice" resulting from the alleged errors. *United States v. Maybeck*, 23 F.3d 888, 891 (4th Cir. 1994). "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999). Actual prejudice is then shown by demonstrating that the error worked to Defendant's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. *See Satcher v. Pruett*, 126 F.3d 561, 572 (4th Cir. 1997) (quoting *Murray v. Carrier*, 477 U.S. 478, 494 (1986)). In other words, Defendant's defaulted claim may still be reviewed in a collateral proceeding if he can establish that the error "has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). To establish actual innocence, Defendant must demonstrate that, "'in light of all the evidence,'" "it is more likely than not that no reasonable juror would have convicted him." *Schlup v. Delo,* 513 U.S. 298, 327-28 (1995) (quoting Henry J. Friendly, *Is Innocence Irrelevant? Collateral Attack on Criminal Judgments,* 38 U. Chi. L. Rev. 142, 160 (1970)). Defendant must show actual innocence by clear and convincing evidence.

6

*Murray*, *supra*, 477 U.S. at 496. This standard is not satisfied by a showing that Defendant might be legally, but not factually, innocent. In other words, Defendant must show that he did not commit the crime for which he was convicted. *Sawyer v. Whitley*, 505 U.S. 333, 339-41 (1992); *see also Bousley v. United States*, 523 U.S. 614, 623-24 (1998).

Defendant's contentions and averments relating to Ground Four meet none of these requirements. First, as noted above, Defendant did not suffer from ineffective assistance of counsel; therefore, he cannot establish "cause" for his failure to bring this claim on direct appeal.[3] Second, even if Defendant were to have suffered from ineffective assistance of counsel, Defendant has not established that he is "actually innocent" of the crimes for which he was convicted. Moreover, even if his argument and averments were to raise some specter of doubt as to his innocence, Defendant has by no means established that "'in light of all the evidence,'" "it is more likely than not that no reasonable juror would have convicted him." *Schlup*, 513 U.S. at 327-28 (1995) (citation omitted).

Therefore, the Government's motion for summary judgment as to Ground Four is **granted**.

**CONCLUSION**

For the reasons stated above, the Government's motion for summary judgment is **granted** in its entirety and this motion is dismissed with prejudice.

**CERTIFICATE OF APPEALABILITY**[4]

The governing law provides that:

---

[3] Defendant makes no argument relating to "novelty" of his claim except to argue that "[n]o Court has as yet heard my interpretation of the tax law." Aff. of Thomas J. Gena at 6.

[4] On December 1, 2009, the Rules Governing Section 2255 Cases in the United States District Courts were amended to require a District Court to issue or deny a certificate of appealability when a final ruling on a habeas petition is issued. *See* 28 U.S.C. § 2255 Rule 11(a).

>   (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>   (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie<br>
CAMERON McGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
December 14, 2009